ALICE EMILY OHLSON, PLAINTIFF, v. BLOOMFIELD SAV-
INGS INSTITUTION, AS EXECUTOR AND TRUSTEE OF
THE LAST WILL AND TESTAMENT OF ELIZABETH A.
HODDER, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided October 2, 1950.

*Mr. Joseph Slifkin,* attorney for plaintiff.

*Messrs. Talmage & Waldron (Mr. Frederick C. Waldron* appearing), attorneys for defendant.

STEIN, J. S. C. This suit is brought by plaintiff, Alice Emily Ohlson, and seeks judgment directing the Bloomfield Savings Institution, as executor and trustee under the will of plaintiff's mother, Elizabeth A. Hodder, to convey whatever interest said trustee has in said estate to the plaintiff, and to pay plaintiff such amounts as the trustee now holds under said trust, and to terminate the trust and to discharge the trustee.

It is stipulated that if the plaintiff were able to appear she would testify to the following facts, and that such facts would be uncontroverted by the defendant, Bloomfield Savings Institution:

"Plaintiff, Alice Emily Ohlson, is the daughter of Elizabeth A. Hodder who died testate November 5, 1949, leaving a last Will and Testament dated March 21, 1947, which was duly probated, a copy of which Will is attached to the Complaint as filed.

"Plaintiff is married, is forty-eight years of age and has lived with her mother at the address given for forty-six years. She is a cripple suffering from an incurable arthritic condition and unable to appear at the trial, although she is able to do her own cooking and take care of the household.

"The Testatrix was eight-one years of age at the time of the execution of the Will and prior to her death, the plaintiff herein had assisted her mother in all of her business affairs. Plaintiff is the only child of the Testatrix and contends that her mother had told her during her life that she would receive her entire estate. Plaintiff's husband also has been solicitous and helpful in the care of the Testatrix during the last years of her life.

"Plaintiff and her husband occupy the first floor of the two-family house at No. 77 Lake Street, Bloomfield, New Jersey, the second floor

thereof having been previously occupied by the decedent and her husband, the latter having died in 1946. Plaintiff has no children.

"Plaintiff's husband is in business for himself operating an egg route and averages approximately $2,500 a year which is adequate for their care and support, if the plaintiff is the sole owner of the aforementioned premises and collects the rent from the second floor.

"The Will devises the property at No. 77 Lake Street, Bloomfield, N. J., to the defendant, Bloomfield Savings Institution, in trust, and thereafter to various remaindermen, and under paragraph B directs the trustee to sell the property and apply the proceeds to the *corpus* of the trust created giving the Trustee broad discretionary powers of providing for the daughter, the plaintiff herein.

"The residuary legatees by Deeds offered in evidence at the pretrial, Exhibits P-1 and P-2, have executed the Deeds to the plaintiff relinquishing all rights to the said estate.

"The defendant, The Bloomfield Savings Institution, has filed an answer and in the first separate defense contends that because of the incapacitating illness of the plaintiff, her husband's uncertain and limited earning capacity, and the broad discretionary powers given to the trustee, that the trust created should not be terminated notwithstanding the action on the part of the residuary beneficiaries."

The second paragraph of decedent's will provides:

"SECOND: All the rest, residue and remainder of my estate, of whatsoever the same may consist and wheresoever situate, I give, devise and bequeath to The Bloomfield Savings Institution, a banking corporation of the State of New Jersey, with its principal office located at No. 11 Broad Street, Bloomfield, New Jersey, IN TRUST NEVERTHELESS, for the following uses and purposes:

"(a) I direct my Trustee to allow my daughter, Alice Emily Ohlson, to have the use for and during the term of her natural life of such of my personal property such as furniture, furnishings, linens, clothing, china, as she may desire, excluding all cash, securities, investments and items of like nature.

"(b) I direct my Trustee, as soon as conveniently may be done and in its uncontrolled discretion, to sell any and all real estate owned by me at the time of my death and to apply the proceeds of said sale as an addition to the *corpus* of the trust herein created.

"(c) I direct my Trustee to invest and re-invest the *corpus* or income, or both, of said trust, without restriction to investments at that time legal for trust funds under the laws of the State of New Jersey; to deduct all proper charges in connection therewith and to pay to or for the use of my daughter, Alice Emily Ohlson, so much of the income or *corpus* of said trust, or both, as may, in the uncontrolled discretion of my said Trustee, be needful and necessary for her proper support, maintenance and medical attention.

"(d) Upon the death of my daughter, Alice Emily Ohlson, or should my said daughter predecease me, I direct that the entire residue of my estate or of this trust, as the case may be, including all unexpended income, if any, shall be given to such of the following named persons as shall be living at the time distribution is made and in the following manner:

"The entire residue to my brother, William J. Tinston, and his wife, Sarah Tinston, now of Manhattan Beach, California, or to the survivor of them.

"If my said brother, William J. Tinston, and his wife, Sarah Tinston, have both died before the time fixed for distribution hereunder to them, then I direct that said residue be divided among such of my following named nephews as shall be living at that time, i. e., Albert Tinston, Sr., now of Brooklyn, New York; William J. Tinston, Sr., now of Brooklyn, New York; Thomas Richard Tinston, Sr., now of Long Island, New York and Frederick James Tinston, now of Brooklyn, New York."

██ In the matter of terminating a trust, the intention of the testatrix or settlor is paramount to the wish of the beneficiary. *Mesce v. Gradone,* 1 *N. J.* 159 (1948). The trustee is charged with many·duties that require the use of its discretion. The trust is an active one. It imposes upon the trustee the duty of taking active measures in the execution of the trust, and one which maintains the legal estate in the trustee to enable him to perform the duties devolved upon him by the terms of the trust and one which gives the *cestuis que trust* only an equitable right to enforce performance. *Fidelity Union Trust Co. v. Mintz,* 125 *N. J. Eq.* 52 (*E. & A.* 1939).

██ Testatrix intended her invalid daughter to be cared for by her trustee, and so the trustee is directed, as soon as convenient in its uncontrolled discretion, to sell the real estate and to apply the proceeds to the *corpus* of the trust, to invest the *corpus* or income, or both, without restriction as to investments, and to pay to or for the use of plaintiff so much of the income or *corpus,* or both, in the uncontrolled discretion of the trustee which the trustee finds needful and necessary for her proper support, maintenance and medical attention. To terminate the trust as prayed for, would indeed be to make a new will for the testatrix *contra* to her expressed desires.

The complaint will be dismissed.